## Masciocchi, etc., v. Masciocchi

*F. B. Masino*, for plaintiff.

SMITH, P. J., June 29, 1950.—In this case by inadvertence libellant filed a libel in annulment. The learned master filed his report to the effect that the complaint in annulment is insufficient to sustain plaintiff's cause of action. In the report of the master, he stated:

"In the present case defendant refused to fulfill his promise to provide an apartment which is an obligation that every husband in law is legally bound to do. The refusal to support and protect his wife may form the basis for the application for a divorce, and does not constitute fraud." Libellant filed exceptions to the report of the master. They were dismissed by this court in an opinion filed on March 8, 1950. In that opinion, the court stated:

"Because of the inadvertence of the libellant in bringing her action in annulment, leave is granted to her under the same term and number, to institute a new and separate cause of action in divorce."

The court has considered the notes of testimony in this case. The cause of action in divorce is based upon

the charge of a fraud on libellant. Section 10 of the Divorce Law provides:

"(1) When a marriage has been heretofore or shall hereafter be contracted and celebrated between two persons, it shall be lawful for the innocent and injured spouse to obtain a divorce from the bond of matrimony, whenever it shall be judged, in the manner hereinafter provided, that the other spouse . . . (g) shall have procured the marriage by fraud . . . and which has not been subsequently confirmed by the acts of the injured and innocent spouse."

In Allen's Appeal 99 Pa. 196, Sharswood, C. J., said, fraud in order to constitute ground for divorce, "must be in what has been sometimes termed the essentialia of the contract". There seems to be no case in our Commonwealth which describes what was meant by essentialia but Freedman on Divorce, p. 386, states: "The fraud must be in regard to some matter which concerns the marital relation itself." In Ballentine's Law Dictionary it is defined as: "The Essentials of the transaction or business." We are, therefore, concerned with the question of whether a fraud has been practiced upon an innocent party which induced her to enter into a marriage relation.

"Fraud, although affecting the consent to marriage itself, is made cause for divorce. This is in conformity with the principle of policy which prefers divorce to annulment": Freedman on Divorce, sec. 154.

In the case before us, respondent by a fraud induced minor libellant to enter into a marriage before a justice of the peace in Delaware County. Libellant would not have consented to enter into this marital relationship if she had not believed the misrepresentation made to her by respondent. He stated to her: "You elope with me and we will then enter into a marriage in your church". Believing this statement, she gave her consent. After the marriage the parties went to the homes

of their respective parents. There was no consummation of the marriage. When libellant sought out respondent and asked when they would be married in a church, respondent replied that he had never intended to marry her in a church, that in fact, he had never intended to marry her and had only done so to spite her parents whom he thought were trying to break them up. After the marriage, respondent avoided her and made it patent that he never intended to provide a home for her or to live with her. In fact, he never contributed to her support or maintenance. His actions immediately after the marriage show his wilful and malicious intent to deceive and defraud this young woman at the time of the ceremony. It was no more than a mock marriage and brought about by his fraud. In Montgomery Web Co. v. Dienelt et al., 133 Pa. 585, it is stated:

"Fraud, as has so often been said, can rarely be proven by direct and positive testimony, and great liberality is always allowed in the introduction of evidence having a tendency to show it."

In Todd v. Todd, 149 Pa. 60, it was held to authorize a divorce on the ground of fraud "it is necessary that the statement relied on should be untrue in fact and that the libelant should have been deceived by it". The court believes that the libellant was deceived by the fraud of this respondent and induced to do what she did by the said fraud.

The Divorce Act of May 2, 1929, P. L. 1237, 23 PS §10, has expressly given power to the courts of common pleas to grant divorces when respondent has procured the marriage by fraud. The facts in each case must to some extent depend on its own circumstances. We believe that libellant has made out a good cause of action. Respondent has not defended this action. It is further proof of the fact that when he had accomplished this intention of spiting the parents

of this young woman and he had deceived her, that his malicious gesture of marriage was but a mockery and a fraud upon her.

### Order

And now, to wit, June 29, 1950, it is ordered and decreed that the prayer of plaintiff for a divorce on the ground of fraud is granted.

Let final rule in divorce a. v. m. issue.